Filed 12/8/21  P. v. Phan CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092486 |
| Plaintiff and Respondent, | (Super. Ct. No. 02F11038) |
| v. | |
| BRUCE PHAN, | |
| Defendant and Appellant. | |

A jury convicted defendant Bruce Phan of second degree murder and attempted murder and found true firearm allegations.  (*People v. Pham et al.* (Jan. 22, 2008, C049751 [defendant & codefendant Lamson Trong Pham], C049992 [codefendant Sutter Nguyen]) [nonpub. opn.] (*Pham*).)  The trial court sentenced him to various life terms and this court affirmed a modified judgment.  (*Ibid.*)

The Legislature subsequently enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, §§ 1-4), amending the law for felony murder and the natural and probable consequences doctrine and providing a new procedure under Penal Code

1

section 1170.95[1] for eligible defendants to petition for recall and resentencing.  The trial court denied defendant's petition for resentencing.

Defendant now contends the trial court should not have considered the record of conviction in concluding without a hearing that he failed to make a prima facie showing of entitlement to relief.  The California Supreme Court recently addressed this issue, concluding that a trial court may rely on the record of conviction in determining whether a petitioner has made the single prima facie showing required under section 1170.95, subdivision (c).  (*People v. Lewis* (2021) 11 Cal.5th 952, 970-971 (*Lewis*).)  Accordingly, we will affirm the trial court's order.

## BACKGROUND

In October 2002, a Laotian family held a birthday party for a teenage girl in their Sacramento home.  (*Pham, supra*, C049751, C049992 [p. 3].)  Some of the attendees, including victim T.T., were involved in a Laotian street gang.  (*Ibid.*)  Defendant and codefendant Pham, who were Vietnamese, attended the party.  (*Id.* [pp. 3-4].)  Although there was no evidence defendant was a gang member, Pham associated with a Vietnamese street gang and codefendant Nguyen was a validated member of the same Vietnamese gang.  (*Ibid.*)

The two groups faced each other across the driveway at the residence, and the Vietnamese group asked where the Laotian group was from, which in gang parlance was indicative of a challenge to fight.  (*Pham, supra*, C049751, C049992 [p. 4].)  After one of the Laotians responded with gang initials, the Vietnamese pulled out their guns and started shooting.  (*Ibid.*)  T.T. was shot in the stomach, V.D. was shot in the hip and leg, and Khamphoumy was shot and killed.  (*Id.* [p. 5].)

---

[1]  Undesignated statutory references are to the Penal Code.

Defendant and Pham were stopped by police as they tried to leave the scene in an SUV. (*Pham, supra*, C049751, C049992 [p. 5].) Pham had been shot, perhaps accidentally, by one of his companions. Two guns were found in their SUV, both connected to casings found at the crime scene. Defendant's fingerprints were on a gun matched to the bullet that killed Khamphoumy, and gunshot residue was found on his palm. Police located Nguyen months later. (*Ibid.*)

Defendant and Pham both testified at trial; they admitted they were at the party and had fired guns, but claimed they did so in self-defense. (*Pham, supra*, C049751, C049992 [p. 6].) Pham denied involvement in the Vietnamese gang, but knew Nguyen had been a member of the gang. (*Ibid.*) Defendant testified he was not a member of the Vietnamese gang. (*Id.* [p. 7].) While some witnesses placed Nguyen at the party, others testified they did not see him there. (*Id.* [pp. 8-10].)

The prosecution's theory of the case was that defendants were involved in a Vietnamese street gang and went looking for a confrontation with rival Laotian gang members and shot at unarmed people. (*Pham, supra*, C049751, C049992 [p. 3].) Defendant and Pham claimed self-defense, whereas Nguyen's counsel argued there was no evidence he attended the party or had anything to do with the crimes. (*Id.* [pp. 3, 10].)

The jury convicted defendant of second degree murder and attempted murder and found true associated firearm enhancements. The trial court sentenced him to 15 years to life in prison for the murder, plus seven years for the attempted murder, and consecutive terms of 25 years to life for the firearm enhancements. (*Pham, supra*, C049751, C049992 [p. 11].) Defendant appealed his convictions, and this court affirmed a modified judgment. (*Id.* [pp. 117-118].)

In February 2019, defendant filed a petition for resentencing under section 1170.95. He checked various boxes on a form petition alleging that a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences

doctrine; that at trial he was convicted of first or second degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine; and that he could not now be convicted of first or second degree murder because of changes made to section 188 and section 189, effective January 1, 2019. He also requested appointment of counsel.

In November 2019, the People filed a motion to dismiss the petition, arguing Senate Bill No. 1437 was unconstitutional, and that defendant had failed to make a prima facie showing that he was eligible for resentencing under section 1170.95.

A deputy public defender was appointed to represent defendant on the resentencing petition. After reviewing the record of conviction in his case, including the jury instructions and the verdict, defendant's counsel wrote defendant a letter stating he intended to submit the matter without presenting evidence or argument to the trial court because the jury was only instructed on express or implied malice, and was not instructed on either the natural and probable consequences doctrine or the felony-murder rule. Counsel noted the jury's verdict said defendant was "guilty of second degree murder with malice aforethought." Counsel believed defendant did not qualify for relief under the statute.

Defendant indicated he wanted to represent himself, the public defender asked to withdraw due to a conflict of interest, and the trial court appointed Robert Saria with Criminal Conflict Defenders to represent defendant on his section 1170.95 petition. Saria filed a supplemental brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 asking the trial court to independently review the record to determine if defendant is subject to a resentencing.

After considering the parties' briefing but before holding a hearing, the trial court denied the petition finding defendant had failed to make the requisite prima facie showing. Based on the trial court file and this court's opinion in *Pham*, the trial court determined defendant was convicted of second degree murder while personally using and

discharging a firearm causing great bodily injury or death, and that he was not convicted under a theory of felony murder or murder under the natural and probable consequences doctrine. The trial court noted it was not alleged that the murder occurred in the commission of, or as a result of, another offense; the only charges were for the murder of Khamphoumy and the attempted murders of the other victims. In addition, there was evidence that defendant fired the fatal bullet, making him the actual killer. Given its ruling, the trial court did not address the prosecution's constitutional challenge.

DISCUSSION

A

Senate Bill No. 1437 was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended section 188, which defines malice, and section 189, which defines the degrees of murder, to address felony-murder liability. (Stats. 2018, ch. 1015, §§ 2-3.) It also added new section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions. (Stats. 2018, ch. 1015, § 4.)

Senate Bill No. 1437 redefined malice under section 188 to require that a principal acted with malice aforethought. Now, section 188, subdivision (a)(3) provides in relevant part: "Except as stated in subdivision (e) of [s]ection 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime."

Section 189 was amended to include new subdivision (e), which provides: "(e) A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶]

5

(1) The person was the actual killer[;]  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree[; and]  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2." (Stats. 2018, ch. 1015, § 3.)

Newly enacted section 1170.95 allows those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial . . . .  [¶]  (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a).)

Upon receiving a facially sufficient petition, the trial court "shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of [the statute]."  (§ 1170.95, subd. (c).)  If the petitioner requests counsel, the trial court must appoint counsel and obtain briefing from the parties. (*Ibid.*)  If the petitioner makes a sufficient prima facie showing that he or she is entitled to relief, the trial court must issue an order to show cause (*ibid.*) and hold an evidentiary hearing during which the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing.  (§ 1170.95, subd. (d).)

B

Defendant contends the trial court erred in relying on the record of conviction and this court's prior unpublished opinion in *Pham* in determining that he failed to make a

6

prima facie showing of eligibility for relief under section 1170.95. But in *Lewis, supra*, 11 Cal.5th 952, the California Supreme Court held that a trial court may rely on the record of conviction in determining whether a petitioner has made the single prima facie showing required under section 1170.95, subdivision (c).[2] As the Supreme Court explained, "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971.) The record of conviction includes a prior appellate court opinion. (*Id.* at p. 972; *People v. Woodell* (1998) 17 Cal.4th 448, 454-455.)

Although the trial court may consider the record of conviction, the prima facie inquiry under subdivision (c) is limited. (*Lewis, supra*, 11 Cal.5th at p. 971.) "Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' " (*Ibid.*) " 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid.*)

In this case, the trial court properly considered its own files as well this court's unpublished opinion in *Pham* in determining that defendant was convicted of second degree murder while personally using and discharging a firearm causing great bodily injury or death after the jury was instructed on express and implied malice murder. The record shows the jury was not instructed on felony murder or murder based on the natural

---

[2] In light of *Lewis*, we need not address whether defense counsel invited any alleged error by requesting that the trial court review the entire record of conviction independently to determine whether defendant had met his prima facie burden.

and probable consequences doctrine, and thus defendant could not have been convicted of second degree murder based on such theories.  The trial court did not err in denying defendant's petition.

DISPOSITION

The order denying defendant's section 1170.95 petition for resentencing is affirmed.


      /S/              

MAURO, J.

We concur:


      /S/            

ROBIE, Acting P. J.


      /S/            

DUARTE, J.